UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

JS - 6

| Case No. | CV 15-791 PA (MRWx) | Date | February 25, 2015 |
|---|---|---|---|
| Title | Jacqueline Rodriguez v. Daiichi Sankyo, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Before the Court is a Motion to Remand filed by plaintiff Jacqueline Rodriguez ("Plaintiff"). (Docket No. 8.) Defendants Frank Schellack ("Schellack"), William Pruitt ("Pruitt"), William McLean ("McLean"), and Britt Manning ("Manning") (collectively "Defendants") have indicated that they do not object to this action being remanded to the state court, but oppose Plaintiff's request for fees and costs. (Docket No. 13.) Plaintiff filed a Reply in support of her request for fees and costs. (Docket No. 14.)

    Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters appropriate for decision without oral argument. The hearing calendared for March 9, 2015 is vacated, and the matter taken off calendar.

    Defendants removed this action based on diversity of citizenship. Defendants alleged that 28 U.S.C. § 1332(a) was satisfied because Plaintiff was a citizen of California when she commenced the action, while Defendants were citizens of Arizona, Texas, New Jersey, Utah, and Delaware. In her Motion, Plaintiff explains, among other things, that she was a citizen of Texas when the action was removed. Because complete diversity must exist both when the action is commenced and when it is removed, remand is appropriate. See Strotek Corp. v. Air Transport Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002).

    28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The district court has discretion whether to award attorneys' fees to the party making a successful motion to remand, but there is no presumption in favor of awarding fees. See Martin v. Franklin Capital Corp., 546 U.S. 132, 136-37, 126 S. Ct. 704, 709, 163 L. Ed. 2d 547 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 141, 126 S. Ct. at 711. Here, Plaintiff argues that there was no objectively reasonable basis for removal because the removal was not timely, Defendants knew that complete diversity did not exist when they removed the action, all defendants did not consent to removal, and the amount in controversy is not greater than $75,000.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

JS - 6

| Case No. | CV 15-791 PA (MRWx) | Date | February 25, 2015 |
|---|---|---|---|
| Title | Jacqueline Rodriguez v. Daiichi Sankyo, Inc., et al. | | |

Plaintiff's arguments are not persuasive. With respect to timeliness, the parties dispute the date on which Plaintiff effected service. According to Plaintiff's counsel, all Defendants were served by mail on December 18, 2014. Defendants argue that service by mail sent to their employer—as opposed to their residences—does not satisfy California Code of Civil Procedure sections 415.40. Plaintiff has failed to provide "evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence," as required by section 417.20(a). Accordingly, the Court cannot find that Defendants were served prior to January 5, 2015, the date on which Defendants agreed to accept service. Therefore, the Court cannot find that Defendants lacked an objectively reasonable basis to believe that the Notice of Removal, filed February 4, 2015, was timely.

With respect to Plaintiff's citizenship, Plaintiff argues that General Counsel for defendant Daiichi Sankyo, Inc. ("DSI") viewed her LinkedIn resume, which indicates her location in the "Dallas/Fort Worth Area," shortly before the Notice of Removal was filed. The LinkedIn blurb included in the Declaration of Suzanne E. Rand-Lewis lists this location without any detail about Plaintiff's connection to the Dallas/Fort Worth Area—e.g., whether she resides there, is domiciled there, or resides elsewhere but hopes to relocate there. Defendants' allegation of citizenship based on employment records was objectively reasonable.

Plaintiff argues that removal was not proper because DSI did not consent to removal. Defendants argue that DSI's consent was not required because it has not been properly served. Defendants' position is based on Plaintiff's failure to address the summons and complaint to one of the individuals specified in California Code of Civil Procedure section 416.10. Defendants had an objectively reasonable basis for removing without DSI's consent.

With respect to amount in controversy, Plaintiff argues that although she earned a salary of $136,393.40, she mitigated her damages by finding another job. Plaintiff was terminated from DSI in March 2013 and allegedly secured her new position in 2013, but it is not clear precisely how long she was out of work. Defendants counter that Plaintiff earned over $165,000 in the year prior to her termination and sought not only lost wages, but also attorneys' fees. Based on these facts, the Court cannot find that Defendants lacked a reasonable basis for removing this action.

Finally, in any event, it appears that Plaintiff did not meaningfully participate in the meet and confer process prior to filing her Motion to Remand. The Court agrees that Plaintiff's failure to identify the bases for remand likely resulted in unnecessary motion practice. Under these circumstances, an award of attorneys' fees to Plaintiff is not warranted.

Accordingly, Plaintiff's Motion is granted in part and denied in part. The Court remands this action to Los Angeles Superior Court, Case No. BC547996. See 28 U.S.C. § 1447(c). Plaintiff's request for attorneys' fees is denied.

IT IS SO ORDERED.